IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANGELICA MIRA, Individually and
on Behalf of All Others Similarly Situated,

     Plaintiff,

vs.

VILLAGIO OF SAWGRASS, INC.,
a Florida corporation,
THOMAS BILLANTE, an individual and
KOSMAS KALAS, an individual,

     Defendants.

_____/

## **COMPLAINT**

Plaintiff, Angelica Mira ("Mira"), individually and on behalf of all others similarly situated, sues Defendants, Villagio of Sawgrass, Inc. ("Villagio"), Thomas Billante ("Billante") and Kosmas Kalas ("Kalas") (collectively Villagio, Billante and Kalas will be referred to as the "Defendants"), and avers:

## **PARTIES, JURISDICTION, AND VENUE**

1.     Mira is an individual who resides primarily in Broward County, Florida and is otherwise *sui juris*. Plaintiff's written consent is attached hereto as Exhibit A.

2.     Villagio is a Florida corporation with its principal place of business located in Broward County, Florida.

3.     Billante is an individual who resides primarily in Miami-Dade County, Florida and is otherwise *sui juris*.

4.     Kalas is an individual who resides primarily in Miami-Dade County, Florida and is

otherwise *sui juris*.

5.     The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this action arises under 29 U.S.C. § 207 and 215, the Fair Labor Standards Act ("FLSA").

6.     Venue is appropriate in this district because: (1) a substantial part of the events or omissions giving rise to the claim occurred here; and/or (2) one or more of the Defendants regularly conduct business here.

## GENERAL ALLEGATIONS

7.     In October of 2013, Mira began working for Defendants as a waitress at their restaurant located at 1760 Sawgrass Mills Cir, Sunrise, FL 33323 (the "Restaurant").

8.     During the time period from May 18, 2014 to the present (the "Collective Action Time Period"), Mira and those similarly situated employees, current and former, worked as waiters, waitresses, hostesses, hosts, busboys, bartenders, bar backs, cooks, dishwashers and/or runners for the Restaurant.

9.     Plaintiff brings a collective action against her former employers for unpaid wages and overtime compensation owed to her and all other similarly situated employees, current and former, of Defendants who worked at the Restaurant at any time during the three year period before this Complaint was filed up to the present (the "FLSA Class Members").  These class members should be informed of the pendency of this action and apprised of their rights to join this action.

10.     This action also seeks compensation for Plaintiff and those similarly situated on the basis that the Defendants violated the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), and under a theory of unjust enrichment under Florida law.

11.     While working at the Restaurant, Plaintiff and the other FLSA Class Members were employees as that term is defined by 29 U.S.C. § 203(e), and also as that term is defined by Fla. Stat. § 448.07, and were engaged in commerce or in the production of goods for commerce.

12.     Villagio is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the Restaurant where Mira and the other FLSA Class Members were employed.

13.      At all times pertinent to this claim, Villagio operated as an organization which sold and/or marketed its services throughout the United States, solicited and obtained business from residents of other states and otherwise regularly engaged in interstate commerce.

14.     At all times pertinent to this claim, Billante and Kalas were officers of Villagio, acted as managers and/or operators of Villagio and acted directly in the interests of Villagio in relation to its employees including, without limitation, setting pay and setting work schedules. Thus, Billante and Kalas were employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.     During the Collective Action Time Period, Defendants failed to pay Plaintiff and the other FLSA Class Members for all hours worked in violation of the FLSA.

16.     During the Collective Action Time Period, Defendants failed to pay overtime to the FLSA Class Members for all hours worked in excess of forty (40) hours per week violation of the FLSA.

17.     Plaintiff and the other FLSA Class Members are non-exempt employees under the FLSA.

18.     During the Collective Action Time Period, Defendants failed to pay Plaintiff and the other FLSA Class Members for all hours worked in violation of Article X, § 24 of the Florida Constitution and Fla. Stat. § 448.110.

19.     As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the other FLSA Class Members by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis.

20.     Although Defendants permitted and/or required Plaintiff and other FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked in excess of forty (40) hours per week.

21.     Defendants have also denied Plaintiff and the other FLSA Class Members full compensation at the federally mandated minimum wage.

22.     The FLSA Class Members performed the same or similar work as Plaintiff. In particular, Plaintiff and the other FLSA Class members all worked in non-exempt positions, specifically, as waiters, waitresses, hostesses, hosts, busboys, bartenders, bar backs, cooks, dishwashers and/or runners for the Restaurant, under the same conditions and subject to the same violations of the FLSA.

23.     The other FLSA Class Members are similarly situated to Plaintiff in that many regularly work or have worked in excess of forty (40) hours during a workweek, without receiving

compensation at the mandated time-and-a-half overtime rate for the hours exceeding forty (40) in a workweek.

24.     The other FLSA Class Members are similarly situated to Plaintiff in that many regularly worked for Defendants without receiving compensation for all hours worked.

25.     As such, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties, pay structure, denial of minimum wage pay and/or denial of overtime pay owed.

26.     The experience of Plaintiff with respect to her pay is typical of the experience of the other FLSA Class Members.

27.     The experience of Plaintiff with respect to her job duties is typical of the experiences of the other FLSA Class Members.

28.     The specific job titles or precise job responsibilities of the other FLSA Class Members do not prevent collective treatment.

29.     Plaintiff and the other FLSA Class Members are entitled to overtime compensation for hours worked in excess of forty (40) hours per week.

30.     Plaintiff and the other FLSA Class Members are entitled to be paid for all hours worked at the federally mandated minimum wage.

31.     Although the exact amount of damages may vary among the FLSA Class Members, the damages can be easily calculated by a formula. The claims of the FLSA Class Members all arise from a common nucleus of operative facts. Liability is based on a systematic course of wrongful conduct that caused harm to all of the FLSA Class Members.

32.     The Defendants instituted, permitted, and/or required policies and practices that resulted in the Plaintiff and other FLSA Class Members being deprived of wages they were owed

pursuant to the FLSA, including but not limited to minimum wage for all hours worked and overtime pay for all hours worked in excess of forty (40) in a workweek.

**Conditions Precedent, Attorneys' Fees and Costs**

33.    The Plaintiff has retained the undersigned firm to represent her in this action and is obligated to pay reasonable attorneys' fees and costs for services rendered.

34.    All conditions precedent to this action have occurred or been satisfied or waived.

**COUNT I**
**VIOLATION OF FLSA**
**(Against Villagio, Billante and Kalas)**

35.    Plaintiff, individually and on behalf of all others similarly situated, realleges the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

36.    This is an action against Defendants for willful violations of the FLSA, including 29 U.S.C. §§ 206, 207 et seq.

37.    From October of 2013 until December of 2016, Plaintiff worked at the Restaurant continuously in excess of forty (40) hours per week.

38.    For the entire length of Plaintiff's employment at the Restaurant she was never compensated for the time she spent working in excess of forty (40) hours per week in violation of the FLSA's minimum wage and overtime requirements.

39.    The FLSA Class Members worked at the Restaurant at various times during the Collective Action Period.

40.    During the FLSA Class Members' employment at the Restaurant, the FLSA Class Members were not paid for all hours worked in excess of forty (40) hours per week in violation of the FLSA's minimum wage and overtime requirements.

41.     By failing to compensate Mira, and the other FLSA Class Members, for the time they worked in excess of forty (40) hours per week (either at their regular rate or overtime rate), Defendants have willfully violated the provisions of the FLSA.

42.     Defendants' actions were willful and purposeful as they were well aware of the FLSA's requirements for payment of all hours worked and for payment of overtime wages at the overtime rate for non-exempt employees such as Mira and those similarly situated.

43.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff and the other FLSA Class Members.

44.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees at a time-and-a-half rate for all hours worked in excess of forty (40) in a given workweek are applicable Defendants or Plaintiff and the other FLSA Class Members.

45.     Defendants failed to make, keep and/or preserve adequate records of Plaintiff and the other FLSA Class Members' wages, work hours, pay, and other conditions and practices of employment maintained by Defendants in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

46.     Defendants failed to make, keep and/or preserve accurate records of Plaintiff and the other FLSA Class Members' wages, work hours, pay, and other conditions and practices of employment maintained by Defendants in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

47.     Defendants failed to keep adequate and accurate payroll records that include all information required to be maintained by employers under Federal Law pursuant to 29 C.F.R. §§ 516.2, 516.5.

48.     Pursuant to 29 U.S.C. § 216(b), Plaintiff, and the other FLSA Class Members, are entitled to recover from Defendants:

      (a)     all unpaid overtime that is due;

      (b)     compensation for all hours worked for which they were not compensated;

      (c)     an amount equal to the unpaid overtime owed as liquidated damages;

      (d)     the costs of this action; and

      (e)     reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION**
**(Against Villagio)**

49.     Plaintiff realleges the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

50.     This is an action against Defendant Villagio for willful violation of Article X, Section 24 of the Florida Constitution.

51.     Defendant Villagio willfully failed to pay Plaintiff minimum wages for one or more weeks during Plaintiff's employment in contravention of Article X, Section 24 of the Florida Constitution.

52.     Plaintiff has complied with the prerequisites under Fla. Stats. § 448.110 by serving the notice required pursuant to that statute to Defendant on or about February 14, 2017 (the "Notice").

53.     More than fifteen (15) days have elapsed since Plaintiff's service of the Notice on Defendant.

54.     Although more than fifteen (15) days have elapsed since service of the Notice Defendant has failed to make any payments to Plaintiff.

55.     As a direct and proximate result of Defendant Villagio's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages owed for one or more weeks of work for Defendant Villagio.

56.     Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

57.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

58.     Pursuant to § 448.110, Fla. Stat. and Article X, Section 24 of the Florida Constitution, Plaintiff is entitled to recover from Defendant Villagio:

(a)     the full amount of back wages unlawfully withheld;

(b)     an amount equal to the unpaid back wages as liquidated damages;

(c)     the costs of this action;

(d)     reasonable attorneys' fees; and

(e)     such legal or equitable relief as may be appropriate to remedy the violations.

**COUNT III**
**QUANTUM MERUIT**
**(Against Villagio)**

59.     Plaintiff realleges the allegations contained in paragraphs 1-34, as though fully set forth herein.

60.     This is an action for Quantum Meruit.

61.     Plaintiff conferred a substantial benefit on Villagio in the form of provisioning waitress services to the Restaurant.

62.     Villagio had actual knowledge of the services provided by Mira and the benefit conferred upon them as the result of receiving these services.

63.     Villagio accepted and appreciated the services provided by Mira to the Restaurant.

64.     Villagio has not paid Mira for all of the hours Mira worked at the Restaurant.

65.     Under these circumstances, Villagio should be required to pay Mira the reasonable value of the services Mira provided to Villagio.

WHEREFORE, Mira, and the other FLSA Class Members, demand judgment as follows:

I.     On Count I, for damages against Villagio, Billante, and Kalas, jointly and severally, including, without limitation, all unpaid regular and overtime that is due, an amount equal to the unpaid wages as liquidated damages, prejudgment interest, the costs of this action and reasonable attorneys' fees;

II.     On Count II, for damages against Villagio including, without limitation, all unpaid regular and overtime wages that are due, an amount equal to the unpaid wages as liquidated damages, prejudgment interest, the costs of this action and reasonable attorneys' fees, and such legal and equitable relief as appropriate to remedy the violations;

III.     On Count III, for damages against Villagio including without limitation all actual and consequential damages, including but not limited to unpaid regular wages and overtime wages that are due and liquidated damages therefor, prejudgment interest, the costs of this action and reasonable attorneys' fees; and

IV.     On all Counts, for such other and further relief as may be available to Mira and the other FLSA Class Members.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the FLSA Class Members demand a jury trial on all issues so triable.

**Dated: May 18, 2017.**

Respectfully submitted,

**OBRONT COREY, PLLC**
Counsel for Plaintiff
One Bayfront Tower
100 South Biscayne Boulevard, Suite 800
Miami, Florida 33131
Phone: (305) 373-1040
Fax:     (305) 373-2040

By: /s/ *Peter Joseph Mathews*
    **MICHAEL JAMES COREY**
    Florida Bar No. 43598
    **PETER JOSEPH MATHEWS**
    Florida Bar No. 94675