# EXHIBIT A

## **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

**THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASE** ("Agreement") is made and entered into as of the ____ day of October, 2017, by and between Plaintiff, Angelica Mira, ("Mira"), and Villagio of Sawgrass, Inc., Kosmas Kalas, Thomas Billante ("Defendants" or "Released Parties"). (Mira and Defendants may be collectively referred to as the "Parties"). Based upon the Parties' mutual obligations and commitments as agreed, to settle all claims asserted or that could have been asserted by Mira, which arose prior to the execution of this Agreement, and which would include all federal and state law claims, as set out below, whether or not asserted in the pending case styled *Angelica Mira v. Villagio of Sawgrass, Inc., et al.,* Case No. 0:17-cv-60999-KMM, pending in the United States District Court for the Southern District of Florida, (the "Lawsuit"), and to release any and all further claims that may exist through the date of this Agreement.

### **R E C I T A L S:**

A. Mira was an employee of Defendants;

B. Mira has asserted claims against Defendants in her Lawsuit;

C. Mira's claims have been denied by Defendants and the Released Parties (as defined in paragraph 5);

D. The Parties have reached a negotiated settlement of the pending claims in the Lawsuit on a non-admission of wrongdoing or liability basis at Settlement Conference on October 3, 2017;

E. In addition, Mira and Defendants have agreed to settle any and all claims of any kind Mira may have arising out of her prior employment with Defendants in order to avoid all further litigation among the Parties; and

F. The Parties hereto desire to set forth herein their understandings and agreements in connection therewith.

**NOW THEREFORE**, for and in consideration of the payments made by Defendants to Mira and her attorneys of the amounts referenced below, the acknowledgments, mutual promises

Case 0:17-cv-60999-AMS   Document 33-1   Entered on FLSD Docket 10/19/2017   Page 3 of 9

Mira v. Villagio of Sawgrass, Inc., et al.
Case No.: 0:17-cv-60999-KMM
Confidential Settlement Agreement and Release

and covenants contained herein by the Parties, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Recitals.** The above Recitals are true and correct and are incorporated herein by reference.

2. **Consideration and Payment.** Defendants agree to pay, and Mira and her attorneys agree to accept, a settlement in the total gross amount of Eighteen Thousand ($18,000.00) (the "Settlement Sum") in full and final settlement, of Mira's claims, including claims for attorneys' fees and costs. Mira will provide Defendants with a full release, including claims for attorneys' fees and costs. Defendants shall make payment of the Settlement Sum within twenty (20) days of the Court's approval of the Parties' settlement. Payment of the settlement sum shall be made by way of three (3) checks as follows:

   a. One check payable to Mira for settlement of her economic damages claims, less applicable deductions, in the amount of $5,500.00, for which a W-2 will issue;

   b. One check payable to Mira for settlement of her liquidated/ non-economic damages claims, in the amount of $5,500.00, for which a form 1099 will issue; and

   c. One check payable to Mira's counsel, Obront Corey PLLC, Tax ID No. 47-1825017 for attorneys' fees and costs in the amount of $7,000.00, for which a form 1099 will issue.

Mira acknowledges and agrees that she or her counsel are responsible for the payment of any and all federal, state and/or local taxes imposed on her by any revenue agency that are or may be owed taxes or other withholdings with respect to the monies paid to her hereunder. Mira agrees to indemnify and hold Defendants harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental authority asserted against Defendants because of Mira's failure to pay taxes or other withholdings. Mira further agrees to hold Defendants harmless as to costs, expenses or damages sustained by Defendants as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, as a result of her failure to pay such taxes or other withholdings. Mira represents that she is not relying in any way upon Defendants or their counsel in this regard.

3. **Time of payment of settlement money.** Defendants shall forward the Settlement Sum in the manner, form, and in the time prescribed by paragraphs 2 (a) –(c) to Mira, in care of her attorneys.

4. **Allocation and Indemnification.** Mira acknowledges that the monies paid hereunder by Defendants to her and to her legal counsel are in full and complete settlement of her disputed claims against Defendants and that payment of the Settlement Sum, along with the covenants and promises contained in this Agreement, is considered to be the compromise by and between Defendants and Mira to completely settle all claims as set out herein, whether or not asserted in the Lawsuit, and that Mira is not otherwise entitled to said monies.

5. **Release and Settlement.** In exchange for the good and valuable consideration extended hereunder, Mira on her own behalf and on behalf of her heirs, executors, administrators, legal representatives, or others acting on her behalf, hereby knowingly, willingly, and voluntarily settles, waives, releases and forever discharges Defendants, and its directors, officers, shareholders, employees, agents, managers, insurers, attorneys and any parent, subsidiary, affiliate or successor entity, (collectively referred to as "Released Parties"), from any and all rights, claims, debts, demands, actions, causes of action, suits, costs, damages (including back pay, bonus payments, benefits, wages, front pay, liquidated damages, compensatory damages, punitive damages, attorney's fees and litigation costs and interest available), right to reinstatement, expenses, obligations and other liabilities whatsoever, and specifically including actions to or for equitable or declaratory relief of any kind, whether or not asserted by Mira in her Lawsuit against Defendants or the Released Parties. These rights and claims include, but are not limited to, rights and claims arising under: the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Civil Rights Act of 1866, as amended; The Age Discrimination in Employment Act; the Family and Medical Leave Act of 1993; the Employee Retirement Income Security Act of 1974 (ERISA); the Health Insurance Portability and Accountability Act of 1996 (HIPAA); the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA); the Equal Pay Act of 1963; the Rehabilitation Act of 1973, as amended; the Americans With Disabilities Act of 1990; the National Labor Relations Act; the Worker Adjustment and Retraining Notification Act; any federal or Florida False Claims Act, including but not limited to, 31 U.S.C. § 3729, *et seq.*, and § 68.081, *et seq.*, Florida

Statutes; under any employment law of the State of Florida, including but not limited to, any wage law of the State of Florida (constitution, statute or common law); the Florida Civil Rights Act of 1992, as amended, Florida's general labor regulations (including but not limited to, Chapter 448, Florida Statutes, private whistleblower retaliation claims, wage, workers' compensation retaliation and/or attorneys' fee claims); claims under Florida's Public Whistleblower Act (Chapter 112, Fla. Stat.); and any other federal, state or local statute, rule, ordinance or regulation dealing with employment, discrimination and/or retaliation on any basis. In addition, Mira is unaware and has not complained that Defendants have violated any federal, state or local statute, rule, ordinance, regulation, or company policy or procedure (other than what Mira alleged in the Lawsuit).

Mira also agrees that this release and waiver includes any or all rights or claims for wrongful or retaliatory discharge, tortious interference, and rights and claims based on theories of contract (oral, written or implied), promissory estoppel or tort (including but not limited to, negligence, defamation, etc.) and any or all rights or claims of any kind or description under any statute, regulation, law, ordinance or rule (federal, state or local) or any other common law or equitable basis of action.

6. **Dismissal of Lawsuit With Prejudice.** The Parties, through their legal counsel, agree to dismiss the Lawsuit, <u>with prejudice</u>, pursuant to the Federal Rules of Civil Procedure, concurrent with the approval of the Parties' Settlement by the Court by the filing of a Joint Stipulation of Dismissal with Prejudice.

7. **Coverage of Release and Future Damages.** Mira acknowledges and expressly agrees that the settlement, releases and waivers contained herein extend to all claims of every nature and kind whatsoever, that she may have had against the Defendants, known or unknown, suspected or unsuspected, past and present, whether or not raised in the Lawsuit, through the date of this Agreement.

8. **Waiver of Future Claims.** To the extent permitted by law, Mira waives the right to receive any further compensation or damages other than set forth herein if she institutes a claim, charge, action or legal proceeding against the Released Parties, or if an agency or entity sues or brings any action against the Released Parties, on her behalf for claims through the date

Case 0:17-cv-60999-AMS   Document 33-1   Entered on FLSD Docket 10/19/2017   Page 6 of 9

Mira v. Villagio of Sawgrass, Inc., et al.
Case No.: 0:17-cv-60999-KMM
Confidential Settlement Agreement and Release

of this Agreement. Nothing contained in this Agreement shall prevent either party from filing a lawsuit or the purpose of enforcing its rights under this Agreement.

9. **No Pending Claims/Cooperation.** Mira represents that she has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendants or any of the Released Parties with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Mira further agrees that she will not initiate or institute any suit, claim, charge, action or legal proceeding, or assist any others in any action (unless under subpoena or under court order) against any of the Released Parties. Moreover, Mira agrees that she will not voluntarily cooperate with any party and/or counsel in the investigation or prosecution of any civil claim against Defendants or the Released Parties unless under subpoena or under court order. In the event Mira receives either a subpoena or court order compelling her testimony or production of documents or information, he or her counsel shall notify counsel for Defendants in writing within 48 hours after receipt of such service.

10. **Confidentiality, Nondisclosure.** The terms of this Agreement are highly confidential and the confidentiality provisions are a key element of Defendants' willingness to enter into this Agreement. Mira hereby agrees that this Agreement, the facts and circumstances leading up to this Agreement and the terms and conditions reflected herein, shall be kept confidential and shall not be disclosed to any third party including any person, group, media or entity of any kind whatsoever, other than in confidence to Mira's attorneys, tax advisor(s), and/or immediate family, except pursuant to a written agreement with Defendants or a validly issued subpoena. The Parties agree to file this Agreement with the Court only as necessary to obtain approval of the Settlement, or to enforce the terms of this Agreement. If Mira is asked by anyone about the Lawsuit or her separation from employment, or makes any comments about Defendants or this case, Mira will say only that "I have resolved any dispute with Defendants" or words to that effect.

In the event that Mira breaches the confidentiality provisions of this Agreement, Mira shall be liable to Defendants in the amount of her portion of the settlement sum. Moreover, Mira shall be liable for Defendants' reasonable attorneys' fees and costs incurred in any action to

enforce the confidentiality provisions of this Agreement, should Defendants prevail in any such enforcement action.

Mira also agrees not to make any disparaging comments about Defendants, or any individual associated with Defendants. Defendants agree only to provide neutral information concerning Mira's former employment if it receives an inquiry from any third party.

11. **No Admission of Liability.** It is expressly understood and agreed that this Agreement shall not be construed as, or be deemed to be, evidence of an admission or concession of any fault or liability or damage whatsoever on the part of any of the parties hereto. Mira specifically acknowledges that, in entering into this Agreement and paying the consideration for this Agreement, Released Parties do not admit, and expressly deny, liability of any kind to Mira. The Parties acknowledge that the settlement is being entered into to avoid the cost and expense of future litigation.

12. **No Application, Reemployment and No Rehire.** Based solely on this Settlement and Release and the consideration contained herein, Mira agrees not to apply for or seek reinstatement or future employment with Defendants or any of the Released Parties, or any other restaurant owned or controlled by Defendants.

13. **Governing Law; Enforcement of Agreement; Attorneys' Fees and Costs.** This Agreement shall be governed by and enforced in accordance with the laws of the State of Florida and any applicable federal law. The Florida courts shall have exclusive jurisdiction over the enforcement of this Agreement. Venue shall lie exclusively in the United States District Court for the Southern District of Florida. In the event an action is instituted for breach of this Agreement, other than as provided in Section 10 herein, each party shall bear its own attorneys' fees and costs, including attorneys' fees and costs on appeal.

14. **Binding Effect.** All of the terms, covenants, warranties and representations contained herein shall be binding upon the Parties, and their respective heirs, and successors, to the full extent permitted by law.

15.     **Construction.** This Agreement shall not be construed more strongly against any party regardless of who is responsible for its preparation. The Parties acknowledge that each contributed and is equally responsible for the preparation of this Agreement.

16.     **Complete Agreement, Modification.** This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements, oral or otherwise, with respect to the subject matter hereof. Neither this Agreement nor any term hereof may be changed, waived, discharged or terminated orally, except by an instrument in writing signed by all parties to this Agreement.

17.     **Headings, Gender and Singular.** The headings in this Agreement are for purposes of reference only and shall not limit or otherwise affect the meaning hereof. Unless the context otherwise requires, references in this Agreement to any gender shall be construed to include all other genders, references in the singular shall be construed to include the plural, and references in the plural shall be construed to include the singular.

18.     **Opportunity to Consider and Confer.** Mira expressly warrants and represents: that before executing this Agreement, she has fully informed herself of the terms, contents, conditions and effects thereof; that in making the settlement represented by this Agreement, she has had the benefit of the advice of counsel of her own choosing; that no promise or representation of any kind has been made to her, except as is expressly stated in this Agreement; that she fully understands and is in complete agreement with all terms of this Agreement; and, that he is entering into this Agreement of her own free will. Mira further expressly warrants and represents that she has relied solely and completely on her own judgment and the advice of her counsel in making the settlement represented by this Agreement and she agrees that she has not relied on any representation or statement not set forth in this Agreement.

19.     **Severability.** If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses that shall remain in full force and effect.

20.     **Five day Cure Period.** In the event that Mira or her attorneys claim that Defendants are in violation of any provisions of this Agreement, Mira and/or her attorneys must

Case 0:17-cv-60999-AMS   Document 33-1   Entered on FLSD Docket 10/19/2017   Page 9 of 9

Mira v. Villagio of Sawgrass, Inc., et al.
Case No.: 0:17-cv-60999-KMM
Confidential Settlement Agreement and Release

notify Defendants and provide five (5) days from the days of notification to cure such alleged violations.

21. **Court to Retain Jurisdiction.** The Parties agree and request the Court to retain jurisdiction over this lawsuit until such time as all conditions of the Confidential Settlement Agreement and Release have been met, and the Court issues an Order of Dismissal with Prejudice.

22. **Signing of Agreement.** The undersigned agrees that she has read this document consisting of eight (8) pages prior to signing.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first written above with the intent to be legally bound hereby.

By: _____
**Angelica Mira**

Dated: _____


By: _____
**Villagio of Sawgrass**

Title: _____

Dated: _____


By: _____
**Kosmas Kalas**

Dated: _____


By: _____
**Thomas Billante**

Dated: _____

\735478\1 - # 1588540 v2